# UNITED STATES DISTRICT COURT
for the
_____ District of _____

FILED
United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No.  MJ 21-729 JHR |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ in the county of _____ in the _____ District of _____, the defendant(s) violated:

*Code Section*                                                                 *Offense Description*

This criminal complaint is based on these facts:

☐ Continued on the attached sheet.

_____
*Complainant's signature*

_____
*Printed name and title*

Sworn to before me and signed in my presence electronically and by telephone  JHR

Date: _____

_____
*Judge's signature*

City and state: _____    Jerry H. Ritter  U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

v.

Jerry Shrock

**COMPLAINT FOR VIOLATION OF SECTION 371**

Before Honorable Jerry H. Ritter, United States Magistrate Judge,
District of New Mexico.

I, Crystal Chavez, being duly sworn, hereby declare and say the following:

1. I am a Special Agent of the United States Department of Treasury, Internal Revenue Service – Criminal Investigation (IRS-CI) and have been so employed since February 2008. As a Special Agent of IRS-CI, I have conducted investigations involving violations of Title 26 U.S.C. §§ 7201 and 7206 (violations of the Internal Revenue Code), and Title 18 U.S.C. §§ 1956 and 1957 (Laundering of Monetary Instruments).

2. During my employment with IRS-CI, I have conducted investigations that involve individuals who conducted tax evasion, materially misstated items on their personal income tax returns or business returns, and prepared false returns in order to defraud the government and receive large amounts of illegal proceeds from fraudulently obtained refunds. I have investigated theft of federal funds, conspiracy to defraud the government and identify theft. I have assisted and participated in these types of investigations with the Federal Bureau of Investigation (FBI), Housing and Urban Development Office of Inspector General (HUD-OIG), New Mexico Attorney General's Office and the United States Attorney's Office (USAO).

3. My formal education includes a bachelor's degree in Business Administration with a concentration in accounting, from the University of New Mexico.

4. The information in this affidavit is based on personal knowledge and from evidence specifically discussed herein. The information contained in this affidavit is submitted for the purpose of demonstrating probable cause to obtain a criminal complaint against Jerry Shrock for Conspiracy to Commit Tax Evasion and Conspiracy to Defraud the United States, in violation of 18 U.S.C. § 371.

5. Because this affidavit is being submitted for the limited purpose of demonstrating probable cause for a criminal complaint, it does not contain all the information known to me and/or other law enforcement officers involved in the case.

6. Since at least 2005, co-conspirators SU and DW created and operated National Business Services LLC (NBS), a business around the organization of New Mexico LLCs, and the opening of bank accounts for clients. One of the key selling points of their business was the "privacy" provided by New Mexico LLCs because there is no public record of the company members. They also advertised, "No NM State or Federal Tax Returns required from LLC." They advertised cost savings for a New Mexico LLC as "No NM State or Federal Income Tax (or Tax Returns) on LLC."

7. Once DW and SU organized an LLC with the New Mexico Secretary of State or the New Mexico Public Regulation Commission (PRC), the corporate documents could be used to request an Employer Identification Number (EIN) from the IRS. An EIN is a nine-digit number assigned by the IRS. The IRS uses the number to identify taxpayers who are required to file various business tax returns. Using the corporate documents for the LLC and the EIN, SU then opened bank accounts for NBS clients at a major bank without revealing the true owners of the LLCs. Because SU was the sole signer on the bank account, she created the appearance that she was the owner of the account and business. The bank account was not associated with the true owner's Social Security Number or name.

8. In approximately 2006, Jerry Shrock (Shrock) became a client of NBS, SU and DW.

9. At various times, Shrock purchased three NM LLCs from NBS, Poultry Enterprises LLC, Tal Properties LLC and White Top Enterprises LLC (White Top). Shrock paid NBS for the first two NM LLCs with money orders and paid approximately $2390.

10. On or about March 09, 2006, IRS Civil started an audit on Shrock's personal tax returns for tax years 1998, 1999, 2000, 2001, 2003 and 2004.

11. On or about April 17, 2006, IRS Civil sent Shrock a letter requesting his federal income tax returns for tax periods 1998, 1999, 2000, 2001, 2003 and 2004.

12. On November 22, 2006, NBS received New Mexico Limited Liability Company Application forms for the purchase of Poultry Enterprises LLC and TALC Properties LLC, from Shrock.

13. On November 28, 2006, the NM PRC received the Articles of Organization for Poultry Enterprises LLC and TALC Properties LLC. The initial registered agent for both NM LLCs was identified as NBS and SU. SU is also identified as the "Organizer" of both NM LLCs. Shrock is not listed on the Articles of Organization for Poultry Enterprises or TALC Properties.

14. On December 29, 2006, Shrock and his wife granted TALC Properties ownership of their residence located in Missouri; despite them being under civil audit. This transfer was designed to place the asset beyond the governments reach.

15. On August 7, 2007, IRS Civil filed a Notice of Federal Tax lien for Shrock's personal tax liability for tax years 1998 through 2004. Below is the unpaid assessment balance per year according to that lien:

| Tax year | Date of Assessment | Unpaid Balance of Assessment |
|---|---|---|
| 1998 | 01/08/2007 | $599,332.70 |
| 1999 | 01/08/2007 | $81,901.44 |
| 2000 | 01/08/2007 | $295,008.27 |
| 2001 | 01/08/2007 | $462.53 |
| 2002 | 09/12/2005 | $5,503.31 |
| 2003 | 01/08/2007 | $1,560.18 |
| 2004 | 01/08/2007 | $43,089.46 |
| Total | | **$1,026,857.89** |

16. On January 7, 2011, Shrock opened White Top, through NBS.

17. On May 9, 2011, SU opened the business bank account for White Top, for Shrock. This action provided Shrock a way to deposit funds and place them out of the reach of the government after a tax assessment was placed on Shrock. SU was the sole signer on the bank account. SU is identified as the "Member/Manager" of White Top on the signature card. SU provided Shrock with a personal identification number to access his bank account online. SU also sent Shrock a checkbook of pre-signed checks with SU's signature, so Shrock could make check payments from the account. When the bank account balances were running low, SU informed Shrock.

18. From May 9, 2011 through June 02, 2015, approximately $4,875,941 was deposited into this account. All deposits were therefore placed out of the reach of the Government, since Shrock was not associated with White Top's bank account.

19. An executive of White Top's largest client identified Shrock as the owner of White Top. Shrock was the only person he ever dealt with from White Top. Shrock provided the quotes for the projects and all questions regarding White Top were referred to Shrock.

20. The following payments were reported to the IRS from third parties under the EIN of White Top per tax year. The EIN does not reference Shrock and to date no returns have been received for White Top.

| Source | 2011 | 2012 | 2013 | 2014 | Total |
|---|---|---|---|---|---|
| Moark LLC | $497,190 | $1,626,767 | $1,469,412 | $597,772 | $4,191,141 |
| Countryside Eggs LLC | $155,960 | | | | $155,960 |
| Total | $653,150 | $1,626,767 | $1,469,412 | $597,772 | $4,347,101 |

21. On March 30, 2015, Shrock's wife purchased a residence for her and Shrock. The total purchase price was $550,000, of which approximately $352,216 was transferred from the White Top bank account that SU had sole signature authority over.

22. On June 2, 2015, a withdrawal of approximately $13,386 was taken out of the White Top bank account and the account was closed. While in the White Top account, these funds had escaped the reach of government liens after IRS had made an assessment on Shrock and placed a lien on his assets. Removal of the funds enabled the recipient to make use of the funds, having evaded the lien.

23. A review of Shrock's tax accounts show none of the disbursements out of the White Top bank account went to pay Shrock's outstanding tax liabilities.

24. There is no record of Shrock filing a personal or business tax return with the IRS reporting the payments to White Top, prior to, during the investigation, or upon being notified he is was under investigation.

25. On January 9, 2017, IRS Civil wrote off a total of $1,485,634.99 in tax, penalties and interest for tax years 1998, 1999, 2000, 2001, 2003, and 2004.

26. A search warrant was executed on March 14, 2017, at SU's residence. Shrock reached out to SU on that day.

Crystal Chavez
Special Agent
Internal Revenue Service
Criminal Investigation Division

Subscribed and sworn to before me
This   27th   day of May, 2021

UNITED STATES MAGISTRATE JUDGE